UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRIAN AMES** <br> 2632 Ranfield Rd <br> Mogadore, OH 44260 <br><br> Plaintiff, <br> -vs- <br><br> **FRANK LAROSE** <br> Ohio Secretary of State <br> (In his official capacity) <br> Service to Ohio Attorney General <br> Rhodes State Office Tower <br> 30 East Broad Street <br> 14th Floor <br> Columbus, OH 43215 <br><br> Defendant. | **CASE NO.:** 2:22-cv-2085 <br><br> **JUDGE:** |

### *AMENDED* COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Brian Ames states the following for his claims against Defendant Frank LaRose in his official capacity as the Ohio Secretary of State:

### INTRODUCTION

1. This is an action against the Secretary of State for the State of Ohio to enjoin the enforcement and carrying out of an Ohio Election law. O.R.C. § 3517.03 facially violates both the First and Fourteenth Amendments of the United States Constitution. Specifically, O.R.C. § 3517.03, demands that primary voters and members of Ohio's political parties must vote for one man and one woman to

1

represent each district of the party's central committee. This election law facially violates each political party's freedom of association under the First Amendment of the United States Constitution. It further violates the Fourteenth Amendment of the United States Constitution because it denies both men and women equal protection under the law.

## PARTIES

2. Plaintiff Brian Ames is an individual residing in Portage County, OH.

3. Defendant Frank LaRose ("LaRose") is the Ohio Secretary of State who is the chief executive in charge of Ohio's election procedures and compliance. LaRose's responsibilities include the following:

> As Ohio's chief elections officer, the Secretary of State oversees the elections process and appoints the members of boards of elections in each of Ohio's 88 counties. The Secretary of State supervises the administration of election laws; reviews statewide initiative and referendum petitions; chairs the Ohio Ballot Board, which approves ballot language for statewide issues; canvasses votes for all elective state offices and issues; investigates election fraud and irregularities; trains election officials, and works with counties to train poll workers. The Elections Division of the Secretary of State's Office also compiles and maintains election statistics and other election-related records. (https://www.ohiosos.gov/secretary-office/duties-responsibilities/)

Thus, LaRose is the Ohio agent tasked overseeing the state board of elections' administration of election laws and trains election officials. As such, he is the state agent who oversees and administers the election process relating to the election of representatives of Ohio's State Central Committees.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because it is a federal question under 42 U.S.C. § 1983.

2

5. Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendant is located in Franklin County, OH.

## BACKGROUND FACTS

6. Ames is a member of the Republican State Central Committee 32nd District (the "District").

7. In addition, Ames is also a candidate for one of the two *male* representative positions in his District in 2022, and he would intend to run again for representative if he is not successful. (Exhibit 1).

8. In Ohio, Title 35 of the Ohio Revised Code regulates elections generally, and Chapter 3517 regulates campaigns and political parties.

9. Under O.R.C. § 3517.03 (the "Statute"), the "controlling committees" of the political parties is the "state central committee."

10. The Statute requires that each party's Central Committee is comprised of two representatives from either each congressional district or each senatorial district. See O.R.C. § 3517.03.

11. However, the Statute goes further and requires that the Party must vote for only one man and one woman to serve as one of these representatives.

12. Indeed, the precise language of the Statute states as follows:

> The controlling committees of each major political party or organization shall be a state central committee consisting of two members, one a man and one a woman, representing either each congressional district in the state or each senatorial district in the state, as the outgoing committee determines; a county central committee consisting of one member from each election precinct in the county, or of one member from each ward in each city and from each township in the county, as the outgoing committee determines; and such district, city, township, or other committees as the rules of the party provide.

3

13. Therefore, all members of a political party are forced to vote for one man and one woman to serve as central committee representatives in the district they vote in.

14. For example, if a voter lives in Portage County, she must vote for one man and one woman to represent her in her district.

15. As a result, no district could choose to have two women, or two men serve as their district representatives.

16. In fact, ballots on the day of the primary vote exhibit that voters must choose one man and one woman. (Exhibit 2).

17. In addition to voters not having the ability to choose as many representatives of the gender they wish, the Statute also causes inequality for those running for office based upon their gender.

18. For example, if a person is currently running for Representative in a district as a woman, but there are three other women running for Representative in that district as a "woman," but only one man running as a "man," then the women would have a 25% of success, and the man would have a 100% chance of success.

19. Furthermore, the declaration of candidacy form does not provide a blank where the candidate specifies that he or she is a man or a woman, so even the process how a person is assigned to a gender is up to the state, rather than the candidate.

20. Thus, the Statute (1) forbids individuals from voting for two representatives of the same gender; (2) it forces them to vote to seat two representatives, who they may not want; (3) it creates inequalities in access to campaign for representative based purely upon gender; and (4) the Statute completely alienates certain gender identities.

4

## COUNT I
## 42 U.S.C. § 1983 – First Amendment

21. Plaintiff Ames restates all previous paragraphs.

22. The First Amendment is most robust in its protection of political speech and activities.

23. The First Amendment of the United States Constitution forbids a government from interfering with a citizen's right to freely associate with others, whether these associations are intimate or based upon political ideologies.

24. One freedom of association is a political organization's right to govern itself in a manner it thinks best.

25. A political party, its members, representatives, and its candidates also have a freedom to speak freely and communicate ideas in a manner they see fit.

26. And a government further has no compelling interest in dictating who political parties choose as their representatives, or how those parties manage their political affairs.

27. Thus, a state statute cannot dictate the gender(s) that a political party must choose as its representative based upon that representative's gender identity.

28. The Statute also cannot limit a party member's ability to campaign for representative of a political party based upon that person's gender.

29. Defendant has violated Ames' freedom of association within the Republican State Central Committee.

5

## COUNT I
## 42 U.S.C. § 1983 – Fourteenth Amendment

30. Plaintiff Ames restates all previous paragraphs.

31. The Fourteenth Amendment of the United States Constitution guarantees that all enjoy equal protection under a state's laws.

32. A state may not treat its citizens unequally based upon their gender under the Fourteenth's Amendment's equal protection clause.

33. Here, the Statute is forcing members of each political party to vote for one man and one woman even though the members may want to vote for two women or two men.

34. In addition, the Statute is creating inequalities and discriminating against candidates within districts based upon gender identity.

35. The Statute violates the Fourteenth Amendment's guarantee of equal protection.

**WHEREFORE**, Plaintiff Brian Ames respectfully requests that this Court finds for him and awards him the following relief:

    a. An order enjoining Defendant from enforcing O.R.C. § 3517.03;

    b. An order declaring that O.R.C. § 3517.03 violates both the First and Fourteenth Amendments of the United States Constitution;

    c. Nominal Damages;

    d. An award of Plaintiff's attorney fees and costs under 42 U.S. Code § 1988; and

    e. Any and all other relief this Court deems proper.

Respectfully submitted,

***/s/ Matt Miller-Novak***
Matt Miller-Novak, Esq. (0091402)
Barron, Peck, Bennie, & Schlemmer, Co. LPA
3074 Madison Road,
Cincinnati, OH 45209
Phone: 513-721-1350
Fax:513-721-2301
MMN@BPBSLaw.com

***/s/ Steven C. Davis***
Steven C. Davis, Esq. (0065838)
Barron, Peck, Bennie, & Schlemmer, Co. LPA
3074 Madison Road
Cincinnati, OH 45209
Phone: 513-721-1350
Fax: 513-721-2301
SCD@BPBSLaw.com

***/s/ Robert L. Thompson***
Robert L. Thompson (OH: 98126/ KY: 98791)
THOMPSON LEGAL LLC
10529 Timberwood Circle, Unit B
Louisville, KY 40223
P: 502-366-2121
F: 502-438-9999
Robert@RthompsonLegal.com