UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN AMES,**

        **Plaintiff,**

   v.                                      **Civil Action 2:22-cv-2085**
                                             **Judge Sarah D. Morrison**
                                             **Magistrate Judge Chelsey M. Vascura**

**FRANK LaROSE,**

        **Defendant.**

**OPINION AND ORDER**

    Plaintiff, Brian Ames, brings this action against Defendant, Frank LaRose, Ohio Secretary of State, challenging the constitutionality of Ohio Revised Code § 3517.03 under the First and Fourteenth Amendments relating to alleged interference with association rights and equal protection in political party activities. This matter is before the Court on Defendant's Motion to Stay Discovery pending the Court's resolution of Defendant's Motion to Dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (ECF No. 29.) For the following reasons, Defendant's Motion to Stay Discovery (ECF No. 29) is **DENIED**.

                **I.**        **BACKGROUND**

    Plaintiff commenced this action on May 2, 2022, and amended his Complaint on July 22, 2022. (ECF Nos. 1, 14.) On August 5, 2022, Defendant moved to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(1) for lack of subject-matter jurisdiction. (ECF No. 17.) Specifically, as to subject-matter jurisdiction,

Defendant contends that Plaintiff cannot satisfy standing under Article III of the United States Constitution. (*Id.* at 5–7.) On September 9, 2022, Defendant filed the present motion to stay discovery pending resolution of its 12(b)(1) motion. (ECF No. 29.)

## II. STANDARD OF REVIEW

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-

2

CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

### III.　ANALYSIS

Defendant has not demonstrated that a stay of discovery is appropriate. In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio*

3

*Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *Young v. Mesa Underwiters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *2–3 (S.D. Ohio Oct. 19, 2020) ("Absent a request to dismiss on the grounds of immunity or lack of jurisdiction, it is the rare case where the Court will stay discovery based on a pending dispositive motion.").

Although Defendant's pending motion to dismiss is brought under Rule 12(b)(1) in addition to Rule 12(b)(6), this Court has frequently denied stays of discovery in the face of motions to dismiss for lack of subject-matter jurisdiction. *See*, *e.g.*, *Ohio Bell*, 2008 WL 641252, at *2; *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013); *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020). In such cases, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which weighs in favor of a stay), or "fairly debatable" (which weighs against a stay). *See Ohio Bell*, 2008 WL 641252, at *2; *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3.

Although the undersigned takes no position on the outcome of Defendant's 12(b)(1) motion, the jurisdictional issues are best described as fairly debatable rather than clear-cut. For example, Defendant contends that Plaintiff cannot demonstrate injury as a voter, but Plaintiff responds that Defendant misconstrues Plaintiff's claims as pertaining to "election law" rather than their true character as pertaining to the right of freedom of association. Plaintiff further disputes Defendant's argument that only Plaintiff's political party has standing to contest the statute, because the United States Supreme Court has held that individual members of a party also have standing. (*See* Def.'s Mot. to Dismiss, ECF No. 17; Pl.'s Mem. in Opp'n, ECF No. 22.)

4

Thus, "there is little certainty at the moment concerning the issue of subject matter jurisdiction, and this uncertainty counsels against granting a stay of discovery." *Ohio Bell*, 2008 WL 641252, at *2.

Moreover, Defendant has made no showing that responding to Plaintiff's written discovery requests will be unduly burdensome. Although responding to discovery will entail some expenditure of time and resources, this is "the same burden that nearly every defendant in this Court faces in civil litigation." *Young*, 2020 WL 7407735, at *3. Defendant further acknowledges that "discovery in this case is likely to be relatively limited and narrow in scope" (Def.'s Mot. 3, ECF No. 29), essentially admitting that any burden created by proceeding with discovery would be slight. Nor does Defendant dispute Plaintiff's assertion that "the government would have a duty to produce any documents requested in discovery under an open records request." (Pl.'s Mem. in Opp'n 3, ECF No. 30.) Thus, proceeding with discovery in this litigation will not create any additional burden on Defendant that would not exist absent the litigation. The undersigned therefore finds that any burden on Defendant caused by responding to discovery is outweighed by Plaintiff's right to have his claims resolved in a timely and efficient manner. *Young*, 2020 WL 7407735, at *3.

## IV. DISPOSITION

For the foregoing reasons, Defendant's Motion to Stay Discovery (ECF No. 29) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

5